IN  THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN EUGENE FAWLEY,         *
         Petitioner

    v.                     * CIVIL ACTION NO. AW-12-529

WARDEN,                *
        Respondent

                             ******

## MEMORANDUM OPINION

On February 21, 2012, Petitioner John Eugene Fawley filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for child abuse and sexual offense in the second degree entered in 2004[1] by the Circuit Court for Charles County.  ECF No. 1.   On April 4, 2012, Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 4.  Petitioner was advised of his opportunity to file a reply. ECF No.  5.  Petitioner has not replied.

Petitioner pled guilty on February 25, 2004, in the Circuit Court for Charles County, Maryland to one count of child abuse and one count of sexual offense in the second degree.   ECF No. 4, Ex. 1.  He was sentenced on April 12, 2004, to a 15 year term of imprisonment for the child abuse count, all suspended, and to run consecutive to the second degree sexual offense term for which he received a 20 year term of incarceration.  *Id*.  Petitioner did not file a timely application for leave to appeal, *Id*., Ex. 1.

On May 10, 2004, Petitioner submitted an application for review of sentence which was denied on August 19, 2004.  *Id*.

---

[1] The Petition, received on February 21, 2012, is dated  February 1, 2012  and is deemed filed on that date.

On January 25, 2007, Petitioner filed a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. A hearing on the petition was held on August 15, 2007. Relief was denied on August 29, 2007, but upon request of Petitioner the order denying post-conviction relief was re-filed on August 12, 2008. Petitioner did not file an application for leave to appeal this ruling. *Id*.

Title 28 U.S.C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998), *app. dismissed*, 178 F.3d 1283 (4th Cir. 1999).

---

[2]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations began to run in Petitioner's case on May 14, 2004, when the time for filing an application for leave to appeal his judgment of conviction became final.[3]  *See* Md. Rule 8-204.  Over two years passed between the time when Petitioner's conviction became final and the filing for post conviction relief on January 25, 2007.   Petitioner's post-conviction proceedings became final on September 11, 2008.  *See* Md. Rule 8-204.  The Court notes that over three years passed between the  conclusion of Petitioner's  post-conviction proceedings and the filing of  the instant proceedings.

In *Holland v. Florida,* --- U.S. ----, 130 S.Ct. 2549 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id.* at 2554. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing.  *Id.* at 2562.  The question of whether equitable tolling applies hinges on the facts and circumstances of each  particular case.  *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[4]

Petitioner  has  offered  no  arguments  in  favor  of  the  tolling  of  the  limitations  period. Petitioner's self- represented status and any attendant  lack of knowledge of the law is not the type of extraordinary circumstance which would justify equitable tolling.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation).

---

[3] At the latest, Petitioner's conviction became final when his application for review of sentence was denied on August 19, 2004.  *See Wall v. Kholi*, ____ U.S. ____, 131 S.Ct.1278, 1286 (2011) (holding motion to reduce sentence filed pursuant to Rhode Island law, by state prisoner as a post-conviction motion not part of the direct review process and which required a reexamination of prisoner's sentence qualified a motion for "collateral review" that tolled the one-year statute of limitations under AEDPA.).  Respondents maintain that the application for review of sentence was not a proper motion for collateral review that would toll the limitations period. ECF No. 4.  The Court need not resolve that issue as in either case, the pending Petition is untimely.

[4] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable

In short, the Court does not find Petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2nd Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   In  *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.  Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

---

tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

A separate Order follows.


May 29, 2012                                              _____/s/_____
                                                         Alexander Williams, Jr.
                                                         United States District Judge